IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH HOUCK, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Cr. A. No. 11-22-GMS |
| | ) | Civ. A. No. 15-374-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM OPINION**

---

Kenneth Houck. *Pro se* movant.

Edward McAndrew. Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

Feb 15, 2018
Wilmington, Delaware

SLEET, United States District Judge

## I. INTRODUCTION

Presently pending before the court is a letter motion to reduce sentence (D.I. 25) and a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.I. 27) filed by movant Kenneth Houck ("Houck"). The government filed an answer in opposition to the § 2255 motion. (D.I. 29) For the reasons set forth below, the court will deny both motions without holding an evidentiary hearing.

## II. BACKGROUND

On November 12, 2011, Houck pled guilty to one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). (D.I. 15) The court sentenced him on February 23, 2012 to 97 months of imprisonment, and the judgment was entered on the docket on March 8, 2012. (D.I. 24) Houck did not file a direct appeal.

## III. DISCUSSION

### A. Section 2255 Motion

Houck asserts the following four grounds for relief in his § 2255 motion: (1) the government should have asked for a sentence reduction for the assistance he provided in bringing about the convictions of two individuals who assaulted him on November 10, 2011 in a federal detention center; (2) he is suffering pain from injuries as a result of that assault and his requests to be returned "back to the medical center to live" have been denied; (3) his sentence should be reduced because he has been employed and/or involved with full-time prison programs while incarcerated; and (4) he has been denied pain relievers to help him deal with his injuries and has had to "seek treatment on the street on [his] own."

A prisoner in federal custody may attack the validity of his conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Consequently, a prisoner may only seek relief under § 2255 if he alleges a jurisdictional defect, a constitutional violation, or an error that resulted in a "complete miscarriage of justice" or was "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 784 (1979). In this proceeding, none of Houck's claims fit within the permissible challenges under § 2255. For instance, although claim one tangentially relates to Houck's sentencing, it does not assert a jurisdictional or constitutional error. Nothing in the record even remotely suggests that the government was obligated to file a motion for a reduction of sentence based on Houck's assistance in the conviction of others. Consequently, Houck cannot demonstrate how the government's alleged failure to seek a reduction in his sentence rendered his sentencing unfair. In turn, claims two, three, and four fail to assert any errors, (whether jurisdictional, constitutional, or otherwise), related to Houck's criminal proceeding. For these reasons, the court will deny all four claims for failing to present issues cognizable under § 2255. For these reasons, the court will deny all four claims for failing to present issues cognizable under § 2255.

Nevertheless, even if the claims were cognizable, the court would deny the § 2255 motion in its entirety as time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal

prisoners. *See* 28 U.S.C. § 2255. The one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010)(equitable tolling applies in § 2254 proceedings); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998)(holding that the one-year limitations period set forth in § 2255 is not a jurisdictional bar and is thus subject to equitable tolling).

When a federal prisoner does not file a direct appeal, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the fourteen-day time period for filing a notice of appeal *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). In this case, the court sentenced Houck on February 23, 2012, and entered judgment on March 8, 2012. Since Houck did not file a direct appeal, his judgment of conviction became final on March 23, 2012. Adding one year to that date results in a filing deadline of March 25, 2013.[1] *See Wilson v. Beard*, 426

---

[1]The one year limitations period actually ended on March 23, 2013, a Saturday. Therefore, the time to file a 2255 motion extended through Monday, March 25, 2012. *See* Fed. R. Civ. P. 6(a)(1), (3).

3

F.3d 653 (3d Cir. 2005)(holding that former Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Houck did not file the instant § 2255 motion until March 6, 2015,[2] approximately two years after the expiration of the limitations period. He does not assert a reason to equitably toll the limitations period. Moreover, to the extent Houck's late filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). For these reasons, the court will alternatively deny the instant § 2255 motion as time-barred.[3]

## B. Motion to Reduce Sentence

In a letter filed on November 13, 2014, Houck asks the court to reduce his sentence for essentially the same four reasons asserted in his § 2255 motion. (D.I. 25) The letter was docketed as a "letter motion requesting to reduce sentence." (D.I. 25) In a separate letter docketed that same day, Houck states he has heard about other "vehicles" for seeking a reduced sentence, namely, a "Rule 35", a "3582", or "Compassionate Release." (D.I. 26 at 2) In an exercise of prudence, the court liberally construes the letter motion to reduce his sentence (D.I. 25) as seeking relief via the three aforementioned "vehicles." Nevertheless, for the following reasons, Houck is still not entitled to relief.

---

[2] Pursuant to the prisoner mailbox rule, the court adopts March 6, 2015 as the filing date because it is the date Houck signed the motion. (D.I. 30 at 3); *see Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

[3] Having determined that the instant motion is time-barred, the court will not address the government's alternate reason for dismissing the motion.

4

### 1. Federal Rule of Criminal Procedure 35

Rule 35 allows a sentence to be reduced upon the government's motion in situations where the defendant provides substantial assistance to the government in investigating or prosecuting another person.[4] Here, Houck, and not the government, filed the instant request to reduce his sentence due to his assistance in prosecuting and convicting the two individuals who assaulted him in a federal detention center. Therefore, the court lacks jurisdiction to consider the motion to reduce Houck's sentence to the extent it is asserted pursuant to Rule 35(b).

### 2. 18 U.S.C. § 3582

"Other than through habeas corpus, a district court may only modify a sentence if the judge (a) receives a motion from the Director of the Bureau of Prisons, 18 U.S.C. § 3582(c)(1)(A), (b) discovers that the Sentencing Commission had lowered the sentencing range, 18 U.S.C. § 3582(c)(2), or (c) finds that it may modify a sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B)." *United States v. Easley*, 703

---

[4]Federal Rule of Criminal Procedure 35(b) provides, in relevant part:

**Reducing a Sentence for Substantial Assistance.**

**(1) In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

**(2) Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
  **(A)** information not known to the defendant until one year or more after sentencing;
  **(B)** information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing.
  **(C)** information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

5

F. App'x 135, 137 (3d Cir. 2017). Compassionate relief is one of the grounds for relief that may be asserted pursuant to § 3582(c)(1)(A)(i). *See, e.g., Share v. Krueger*, 553 F. App'x 207, 208 (3d Cir. 2014).

Given the forgoing, the court does not have jurisdiction over Houck's instant request to reduce his sentence to the extent it is asserted pursuant to § 3582 because: (1) Houck submitted the instant request, not the Director of the Bureau of Prisons; (2) the Sentencing Commission has not lowered his sentencing range; and (3) the court has already concluded that Rule 35(b) is inapplicable.

Accordingly, the court will deny Houck's motion to reduce sentence (D.I. 25) in its entirety.

## IV. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Houck is not entitled to relief under § 2255. Therefore, the court concludes that an evidentiary hearing is not warranted.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a

6

constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The court is denying Houck's § 2255 motion after determining that it fails to assert any issues cognizable on § 2255 review and, alternatively, because it is time-barred. The court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the court will not issue a certificate of appealability.

## VI. CONCLUSION

The court concludes that Houck's § 2255 motion and his motion to reduce sentence do not warrant relief. An appropriate order will issue.